UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

D'ARCY SMITHFOUNTAIN,

    Plaintiff,

v.

CHARTER COMMUNICATIONS, INC., a Delaware corporation; CHARTER COMMUNICATIONS LLC; and THOMAS ROTHENGASS,

    Defendants.

CASE NO. C08-5511BHS

ORDER

This matter comes before the Court on the parties' Stipulated Protective Order (Dkt. 17). The Court has considered the pleadings filed in support of the stipulation and the remainder of the file and hereby declines to enter the stipulation as an order of the Court for the reasons stated herein.

The parties request an expansive protective order for all "confidential information" that is "disclosed in this proceeding, whether disclosed in an interrogatory answer, during a deposition, by way of a written statement in a document, or otherwise . . . ." Dkt. 17 at 1. The parties have agreed to mark as "confidential" the following information: (1) medical records and information; (2) trade secrets and similar information pursuant to RCW 19.180.010; (3) personal information, disclosure of which would violate a person's privacy as defined by RCW 42.17.255; and (4) personal financial information. *Id*. at 1-3. The parties request that the Court enter their stipulation which reads, in part, as follows:

> No Confidential Information may be disclosed, either directly or indirectly, except by prior written approval of the parties or pursuant to an order of this court (where applicable), except to the persons specified above.

ORDER - 1

*Id*. at 9. Finally, the stipulated protective order states that the "Order shall become effective as between the parties when executed, with or without the Court's entry of the same." *Id*. at 10.

Because the stipulation contains provisions that are more appropriate for an agreement between the parties instead of an expansive protective order and the attorneys for both parties have executed the agreement, the Court need not enter the stipulation as an order. Moreover, the parties have already been ordered to redact dates of birth, social security numbers, and financial accounting information pursuant to the General Order of the court regarding Public Access to Electronic Case Files. *See* Dkt. 8 at 3. If a party chooses to submit confidential documents with the Court, the party may file a motion to seal the material pursuant to Local Rule CR 5(g) and note the motion according to Local Rule CR 7(d)(2). "The law requires, and the motion and the proposed order shall include, a clear statement of the facts justifying a seal and overcoming the strong presumption in favor of public access." Local Rule CR 5(g)(2); *see also Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289 (9th Cir. 1986). If the party that chooses to submit the material is not the party that designated the material "confidential," it may state so in the motion to seal and, in the response, the designating party may articulate facts in support of sealing the submitted material.

Therefore, it is hereby

**ORDERED** that the parties' Stipulated Protective Order (Dkt. 17) is **DENIED**.

DATED this 2nd day of April, 2009.

_____
BENJAMIN H. SETTLE
United States District Judge